**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000703**
**28-FEB-2017**
**12:27 PM**

NO. CAAP-15-0000703

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
ANWAR HOSSAIN, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0902)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the "Order Granting Defendant's Motion to Dismiss For Violation of Speedy Trial and/or Rule 48" (**Order Granting Motion to Dismiss**), filed on August 26, 2015, in the Circuit Court of the First Circuit (**circuit court**).[1]

The State concedes that the circuit court was correct in determining that there was a violation of Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48(b)[2] and dismissal of this case was

---

[1] The Honorable Glenn J. Kim presided, except as otherwise noted.

[2] HRPP Rule 48(b) provides in pertinent part:

> Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, <u>with or without prejudice in its discretion</u>, if trial is not commenced within 6 months:
>
> (1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense

(continued...)

proper. However, the State contends that the circuit court abused its discretion when it dismissed the case with prejudice rather than without prejudice.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised, as well as the relevant legal authorities, we resolve the State's appeal as follows, and vacate and remand.

## I. Background

On June 4, 2014, the State filed a Complaint against Defendant-Appellee Anwar Hossain (**Hossain**), charging Hossain with Count 1: Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-716(1)(e) (2014); and Count 2: Assault in the Third Degree, in violation of HRS § 707-712(1)(a) (2014).

At a hearing on June 12, 2014, Hossain requested a Bengali or Bangladeshi interpreter, and the circuit court orally granted the request.[3]

Following Hossain's request for an interpreter, trial calls/hearings were held on August 5, 2014, September 30, 2014, November 25, 2014, and January 20, 2015, during which the record reflects that no interpreter had been located but the parties agreed to proceed with the respective hearings. Also during these proceedings, either Hossain requested or the parties stipulated to a continuance of the trial date -- for a variety of reasons apparently unrelated to a lack of an interpreter -- and the circuit court granted the continuances.

Subsequently, at trial calls/hearings on March 17, 2015, May 12, 2015, and July 7, 2015, the record reflects that Hossain and the State were ready to proceed to trial, but an interpreter had not been located. As a result, the circuit court continued the case on each date.

---

[2](...continued)
> based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]
(Emphasis added.)

[3] The Honorable Richard K. Perkins presided at this hearing.

On July 27, 2015, Hossain filed a "Motion to Dismiss for Violation of Speedy Trial and/or Rule 48" (**Motion to Dismiss**). In the Memorandum in Support of Motion, Hossain argued, *inter alia*, that his rights under HRPP Rule 48 were violated because he waited longer than six months for a trial.

On August 19, 2015, the circuit court held a hearing regarding Hossain's Motion to Dismiss. The circuit court stated that it was dismissing the case because there was an undisputed HRPP Rule 48 violation. The State requested that the circuit court dismiss the case without prejudice. The circuit court considered the following and dismissed the case with prejudice:

> Okay. The *Estencion* factors. This is a Class C felony, lowest level of felony. Still a felony, but it's a Class C felony. The reasons for the delay, as far as I'm concerned, were totally on the State because the State has not been able to get Mr. Hossain a proper interpreter. And it's the State's responsibility to do so, and the State has not been able to do so.
>> So looking at the third factor, it's my finding that both the administration of justice and the policy of considerations behind the rule itself, all of it and equities and everything else compel me in my view to dismiss this case with prejudice, so I'm doing so.

On August 26, 2015, the circuit court filed the Order Granting Motion to Dismiss.

On September 25, 2015, the State timely appealed from the Order Granting Motion to Dismiss.

## II. Dismissal with or without prejudice

The State contends the circuit court abused its discretion when it dismissed the Complaint with prejudice rather than without prejudice.

In State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), the Hawai'i Supreme Court provided three factors for the trial court to consider when determining whether to dismiss a case with or without prejudice. Citing the Federal Speedy Trial Act, the supreme court stated:

> To eliminate confusion and to help the trial court in the exercise of its discretion here, we think the following language is appropriate:
>> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances

> of the case which led to the dismissal;
> and the impact of a reprosecution on the
> administration of this chapter and on the
> administration of justice.
>
> s 3162(a)(1) of the Federal Speedy Trial Act, 18 U.S.C.A.
> (1969), Supp.1980.
>
> We adopt the language of the Federal Speedy Trial Act as a
> requirement to [HRPP] Rule 48(b).

Estencion, 63 Haw. at 269, 625 P.2d at 1044.

Further, in State v. Hern, 133 Hawaii 59, 323 P.3d 1241 (App. 2013), this court noted that "the trial court must 'clearly articulate [the] effect' of the *Estencion* factors and any other factor it considered in rendering its decision." Id. at 60-61, 323 P.3d at 1242-43 (citation omitted).

> We need not automatically remand every case in which the
> trial court's findings are deficient, if the record is
> otherwise sufficient for this court to determinate whether
> the trial court abused its discretion. However, we will
> remand the case for the trial court to make the appropriate
> findings where: (1) the record affirmatively shows that the
> trial court failed to consider the *Estencion* factors; (2)
> the record is inadequate to permit meaningful review of the
> trial court's exercise of discretion; or (3) the trial
> court's findings are deficient and an inordinate burden
> would be placed on this court to conduct a searching review
> of the record necessary to determine whether the trial court
> abused is discretion.

Id. at 61, 323 P.3d at 1243 (emphasis added).

In this case, the circuit court articulated its consideration of the first Estencion factor, "the seriousness of the offense," when it stated that "[t]his is a Class C felony, lowest level of felony. Still a felony, but it's a Class C felony." In this regard, it appears the circuit court was addressing the more serious of the two charges, Terroristic Threatening in the First Degree, which is a class C felony offense. See State v. Kim, 109 Hawai'i 59, 62-64, 122 P.3d 1157, 1160-62 (App. 2005) (stating the circuit court reasonably considered the first Estencion factor when the circuit court provided in its order: "[t]he offense charged is possession of drug paraphernalia, which is a class 'C' felony. This is a serious offense, although not as serious as other class 'C' offenses[.]"). We note that the circuit court did not address that there also was a second charge, Assault in the Third Degree,

which is a misdemeanor offense or, under certain circumstances, a petty misdemeanor. Although the charged assault offense carries a lower possible punishment than the felony offense, it would be appropriate that the circuit court consider that Hossain is also charged with the assault offense.

The second Estencion factor provides that the court must consider "the facts and circumstances of the case which led to the dismissal[.]" 63 Haw. at 269, 625 P.2d at 1044. In this regard, the circuit court stated that "[t]he reasons for the delay, as far as I'm concerned, were totally on the State because the State has not been able to get Mr. Hossain a proper interpreter. And it's the State's responsibility to do so, and the State has not been able to do so." Thus, the circuit court attributed the delay of Hossain's trial to the State for not locating an interpreter for Hossain.

In the context of determining whether the trial court abused its discretion when it denied a defendant an interpreter, the Hawaiʻi Supreme Court stated, "[i]t is general law that where a defendant cannot understand and speak English, the judge is required to appoint an interpreter to aid a defendant." State v. Faafiti, 54 Haw. 637, 638, 513 P.2d 697, 699 (1973) (emphasis added); Cun-Lara v. State, 126 Hawaiʻi 541, 554, 273 P.3d 1227, 1240 (App. 2012) (quoting Faafiti); c.f. State v. Casipe, 5 Haw. App. 210, 213, 686 P.2d 28, 32 (1984) ("The record indicates that the trial court properly appointed an interpreter to translate the proceedings into Defendant's dialect.").

HRPP Rule 28(b) provides that "[t]he court may appoint an interpreter of its own selection." (Emphasis added.) Under the Hawaiʻi Rules For Certification of Spoken and Sign Language Interpreters Rule 1.3 (2007), "[a] person who is Limited English Proficient (LEP), deaf, or hard-of-hearing shall, throughout a legal proceeding, have the right to the assistance of an interpreter appointed by the court as provided by court rule." (Emphasis added.)[4]

---

[4] We further note the Hawaiʻi State Judiciary Language Access Plan for Persons with Limited English Proficiency (**Language Access Plan**). The version
(continued...)

In light of the above, the circuit court, and not the State, was obligated to provide Hossain with an interpreter. Thus, the circuit court incorrectly attributed the delay of Hossain's trial to the State.

Finally, under the third <u>Estencion</u> factor, the court must consider the impact of a reprosecution on the administration of HRPP Rule 48 and on the administration of justice. 63 Haw. at 269, 625 P.2d at 1043; <u>Kim</u>, 109 Hawaiʻi at 62, 122 P.3d at 1160.

---

[4](...continued)
of the plan in effect when the circuit court ruled was adopted as of October 3, 2013, and provides in pertinent part:

> Once it has been determined that an individual requires language services to meaningfully participate in a legal proceeding, Judiciary policy requires the provision of the most qualified reasonably available interpreter to provide such services. Authorized Judiciary staff is trained to contact and obtain the most qualified interpreter in a given language reasonably available for a particular assignment, by using the Court Interpreter Registry ("Registry").

> The Registry is a statewide list of interpreters eligible to interpret in the state courts. Interpreters are listed by Language, Circuit, and Tier/Category. Within each Tier/Category, interpreters are listed in reverse alphabetical order by last name. Judiciary staff should contact interpreters in the required language within the specific circuit, beginning with interpreters in the highest available tier, then the next highest tier(s), and so on from Tier 6/Certified Master Interpreters through Tier 1/Registered Interpreters.

Hawaiʻi State Judiciary Language Access Plan for Persons with Limited English Proficiency, FY 2013-2014 at 9 (footnote omitted). The 2013 Language Access Plan further states:

> [i]n the event that no resources for in-person interpretation can be secured . . . the court may suspend the case until an interpreter is available or consider using – for limited purposes – the telephonic interpreting service provided by the Judiciary's contracted vendor, CTS LanguageLink. . . . Finally, if a telephonic interpreter is not available, Judiciary staff should contact the Office on Equality and Access to the Courts (OEAC) as early as possible prior to the scheduled court date, for assistance in securing the resources necessary to meet the language needs of the individual with LEP for an in-court proceeding.

<u>Id.</u> at 10. As stated in the 2013 Language Access Plan, a telephone interpreter should not be used, <i>inter alia</i>, in proceedings longer than thirty minutes and during trials. <u>Id.</u> at 11. Thus, a telephone interpreter may not have been appropriate for Hossain's trial, especially considering that Hossain and a potential defense witness needed an interpreter. However, a telephone interpreter may have been appropriate at the several hearings in which continuances were requested and no interpreter was provided.

The subsequent version of the Language Access Plan for FY 2015-2016 is available online at http://www.courts.state.hi.us/docs/services/LEP.pdf.

Here, the circuit court stated, "[s]o looking at the third factor, it's my finding that both the administration of justice and the policy of considerations behind the rule itself, all of it and equities and everything else compel me in my view to dismiss this case with prejudice, so I'm doing so."

"The third factor not only allows courts to review the seriousness of the criminal charges and the reason for the delayed indictment but also provides authority for considering such aggravating and mitigating factors as the length of the delay and the prejudice to the defendant." Kim, 109 Hawai'i at 64, 122 P.3d at 1162 (quoting United States v. Williams, 314 F.3d 552, 559-60 (11th Cir. 2002). Here, the circuit court referenced certain language in the third Estencion factor, but did not articulate any particulars in this case that it was considering related to the administration of HRPP Rule 48 or the administration of justice.

Overall, it appears that the circuit court gave the most weight to the second Estencion factor in deciding to dismiss the case with prejudice, attributing the trial delays to the State for not providing an interpreter. However, as discussed above, it is the responsibility of the court and not the State to provide necessary interpreters. Therefore, we believe the circuit court erred in its consideration of the second Estencion factor. Moreover, although the record contains general references by the circuit court about seeking to locate an interpreter and indicating that efforts were certainly made, it is unclear as to: the particular efforts that were made; and whether any judiciary policies or plans were considered and utilized in seeking an interpreter (see footnote 4). In this regard, we recognize the difficult challenge a court may face where it appears that an appropriate interpreter is not available. However, in deciding whether to dismiss a case with or without prejudice under HRPP Rule 48(b) based in part on the lack of an interpreter, we believe it is important for the trial court to specify in the record the efforts made to locate an interpreter so that there can be meaningful review of the trial court's exercise of discretion.

Based on the above, we conclude that it is appropriate to remand this case to the circuit court for further consideration of the <u>Estencion</u> factors in light of this Summary Disposition Order, and to "'clearly articulate [the] effect' of the <u>Estencion</u> factors and any other factor it consider[s] in rendering its decision." <u>Hern</u>, 133 Hawai'i at 60-61, 323 P.3d 1242-43 (citation omitted).

Therefore, IT IS HEREBY ORDERED that the "Order Granting Defendant's Motion to Dismiss For Violation of Speedy Trial and/or Rule 48," filed on August 26, 2015, in the Circuit Court of the First Circuit, is vacated. The case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, February 28, 2017.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Andrew T Park,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

8